**CALVERT FIRE INSURANCE COMPANY,**
Appellant,

v.

**Eddie LITTLE, Appellee.**

Court of Appeals of Kentucky.

Dec. 8, 1967.

Albert A. Burchett and G. C. Perry, III, Paintsville, for appellant.

O. T. Hinton, Pikeville, for appellee.

CULLEN, Commissioner.

Eddie Little recovered judgment, on a jury verdict, against Calvert Fire Insurance Company, for $4,428.56, on an automobile *collision* insurance policy, the amount of the verdict being the amount shown by Little's evidence as being the difference in "before" and "after" market values of a truck owned by Little that was involved in a damaging sequence of events. The recovery was based on the theory that those events constituted a "collision." The insurance company has appealed, asserting that only a part of the events amounted to a "collision" and that the company is liable only for the damages attributable to that part. The company tendered in circuit court the amount of $1,541.71, being the undisputed estimates of the cost of repairing so much of the damages as the company concedes grew out of a "collision."

Little was a coal trucker, hauling coal from mine to tipple under contract with the mine owner. For a period of two months he had been hauling coal for one Virgil Bowling, from a mine owned by

Bowling. The latter had constructed a dirt road down a mountainside leading from the mine to the highway and the trucks used that road. At one point in the road Bowling had dug a drainage ditch across the road, "to keep water from running down the road and washing it out." The ditch was made when the road was built. Estimates by several witnesses as to its dimensions varied, but it appears reasonably clear that this ditch was from 8 to 10 inches deep and from 10 inches to two feet wide.

Little had traveled the road, passing over the ditch, on three or four round trips a day for a period of two months, with no problem. However, on the day in question, shortly after he had passed over the ditch, driving downhill in first or second gear, with a load of 20 tons of coal, his brakes failed and he lost control of the truck. He jumped from the cab to save himself and the truck ran off the road and into a coal tipple. After the accident Little found the right rear double wheels of the truck lying in the road some 40 or 50 feet downhill from the ditch. The housing of the rearmost of the tandem rear axles had broken, causing the wheels to come off. In the process, the brakeline was broken which caused the loss of braking power.

Little's theory is that the impact to the truck in passing over the drainage ditch was a "collision," wherefore the insurance company is liable for all of the damages to the truck. The company contests that theory; however, it admits that the striking of the tipple after the truck went off the road was a "collision" and it is willing to pay for so much of the damage to the truck as was caused by that event.

The insurance policy covered damage to the truck caused by "collision of the automobile with another object." This is standard language but unfortunately not entirely free of ambiguity, since the word "collision" is susceptible of various constructions.

The question of whether contact of an automobile with a rut, ditch, hole or depression in the roadbed is a "collision" has been presented in a number of cases. They are collated and analyzed in an annotation in 23 A.L.R.2d 389 @ 410 to 420. A collection of cases on this point also appears under the heading "Collision" in Words and Phrases. An examination of the cases discloses that the courts are not in agreement; in fact, they have taken diametrically opposite views.

Our research and study of the problem have led us to the conclusion that the most reasonable and logical definition of "collision," applicable in the kind of situation confronting us, is that given in Appleman, Insurance Law and Practice, Vol. 5, sec. 3201, p. 341, as follows:

"A 'collision' has, therefore, been held to cover all unforeseen, accidental impacts with any kind of an object, usually meaning the sudden contact of a moving body with an obstruction in its line of motion. It means the act of two objects striking together, importing violence in such meeting. Such object with which the automobile collides may be either moving or standing; nor does it matter which of the objects are in motion. Both of them need not be in motion for recovery to be had."

Inherent in the foregoing definition is the concept of an impact of such force as normally would be calculated to cause damage to the vehicle. We call attention to the words "unforeseen," "accidental," "sudden," and "violence" in the definition.

In the case before us, Little had passed over the ditch with his truck 6 or 8 times a day, for two months, with no incident. On the day in question he was driving slowly, in first or second gear, fully aware of the ditch. The impact with the ditch was not unforeseen, accidental, sudden or violent. It was not such an impact as normally could be calculated to cause damage, as evidenced by the numerous

times Little had passed over the ditch without incident. It is our opinion that the impact with the ditch on the day in question cannot reasonably be considered a "collision."

The judgment is reversed with directions to enter judgment, in accordance with defendant's motion for judgment n. o. v., denying recovery by the plaintiff for any sum in excess of that tendered by the defendant.

All concur.